**In the Matter of Bruce N. MUNSON, Respondent.**

**No. 18S00–1504–DI–220.**

Supreme Court of Indiana.

May 19, 2015.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The Commission received an overdraft notice for Respondent's attorney trust account. An investigation revealed that Respondent made

several cash withdrawals from his trust account, that Respondent did not keep accurate and contemporaneous individual client ledgers, and that Respondent's internal trust account records did not reconcile with the bank statements. There is no allegation that client funds were missing from Respondent's trust account.

In aggravation, the parties cite Respondent's substantial experience in the practice of law and the fact that Respondent's failure to keep accurate and contemporaneous records was not an isolated event but rather his established means for maintaining his trust account. In mitigation, the parties cite Respondent's lack of prior discipline and his cooperation with the Commission's investigation.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rule 1.15(a): Failure to maintain and preserve complete records of client trust account funds.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failure to create, maintain, or retain appropriate trust account records.

23(29)(a)(5): Making cash withdrawals from a trust account with no record of the amount, purpose and payee.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning on the date of this order, all stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall satisfactorily complete a three-hour continuing legal education course on trust account management and submit proof of same to the Commission within three months of the date of this order.

(2) Respondent shall procure the services of a certified public accountant, who shall evaluate Respondent's trust account management practices and procedures and report quarterly to the Commission.

(3) If Respondent violates the terms of his probation, the Commission shall move to revoke his probation. If probation is revoked, the stay of Respondent's suspension shall be vacated and the suspension shall be actively served without automatic reinstatement.

(4) Even after expiration of Respondent's term of probation, the Commission reserves the right to seek revocation of probation if there is a judicial finding that Respondent violated a criminal law or the Rules of Professional Conduct during the term of his probation.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

All Justices concur.